IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MEGAN BIELEC<br>135 Trent Road<br>Turnersville, NJ 08012<br>   Plaintiff<br><br>  v.<br><br>RELIANCE STANDARD<br>LIFE INSURANCE COMPANY<br>2001 Market Street<br>Suite 1500<br>Philadelphia, PA 19103<br>   Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: NO.: |

## COMPLAINT

NOW COMES, the Plaintiff, Megan Bielec, by and through her Counsel, Pond, Lehocky, LLP, and hereby complains of the above referenced Defendant, Reliance Standard Life Insurance Company (hereinafter referred to as "Reliance"), as follows:

**I. STATEMENT OF JURISDICTION:**

1. Jurisdiction is conferred upon this Honorable Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e). This Honorable Court has jurisdiction over all issues raising a federal question and this instant matter involves a disability policy issued to the Claimant through her Employer, thus it is governed by the Employee Retirement Income Security Act of 1974 (ERISA) 29 U.S.C. § 1011, et seq.

II. **VENUE:**

2. Venue is proper in this jurisdiction as all actions and occurrences which give rise to the instant action occurred within the jurisdictional boundaries of this Honorable Court. Specifically, under the ERISA statute, venue is proper "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. §1132(e)(2):

- a.) The Defendant resides in the jurisdictional boundaries of this Honorable Court;

- b.) The Plaintiff's Employer, Temple University Health Systems, Inc., is located within the jurisdictional boundaries of this Honorable Court,

II. **FACTS:**

3. The Plaintiff, Megan Bielec, is an adult and competent individual with a physical address of 135 Trent Road, Turnersville, NJ 08012.

4. The Defendant, Reliance under information and belief, is a business entity with a place of business located at 2001 Market Street, Philadelphia, PA 19103.

5. Reliance is a business entity, which issues disability insurance policies governed by the Employee Retirement Insurance Security Act (ERISA), 29 U.S.C. §1011, et seq.

6. On a date certain, Reliance, issued a policy providing disability

insurance benefits to the Plaintiff through the Plaintiff's employer, Temple University Health Systems.

7. The policy of insurance aforementioned provided for an employee benefit plan as defined and covered under the terms of ERISA.

8. At all times material and relevant hereto, all policy premiums due on behalf of the Plaintiff under said policy were paid.

9. At all times material and relevant hereto, the Plaintiff performed all obligations required of her under said contract of insurance.

10. At all times material and relevant hereto, the Plaintiff was a qualified participant in the employee benefit plan provided by Reliance to the Plaintiff's employer under the aforementioned policy.

11. On a date certain, the Plaintiff filed an application for Short disability benefits with Reliance.

12. On a date certain, Reliance notified the Plaintiff that her claim was denied and that she was not entitled to benefits under the aforementioned policy.

13. On a date certain, the Plaintiff filed an administrative appeal and submitted additional medical records, opinions from her doctor in support of her claim.

14. On a date certain, Reliance denied the Plaintiff's administrative appeal. and informed the Plaintiff that he had exhausted her Administrative Remedies.

15. Reliance abused its discretion and acted in a manner serving only its own business interest when it denied the Plaintiff's claim for disability benefits.

16. The actions of Reliance in denying the Plaintiff's claim for disability insurance benefits was arbitrary, capricious and made in violation of 29 U.S.C. §1001, et seq.

17. The actions of Reliance in denying the Plaintiff's claim for disability insurance benefits are contrary to the language of the policy in question.

18. The Plaintiff is entitled to disability insurance benefits under the aforementioned policy as she has satisfied through medical evidence that she meets the definition of disability under the policy of insurance.

19. The Plaintiff is entitled to recover the benefits due to her under the aforementioned insurance policy in accordance with 29 U.S.C. §1132.

20. As a direct and proximate result of the actions of Reliance as herein above more particularly described, the Plaintiff has been caused to incur attorneys' fees in an amount not yet known.

21. As a direct and proximate result of the actions of Reliance, the Plaintiff has sustained damages in an amount not yet known to the Plaintiff; however, upon information and belief, such damages will approximate the amount of benefits due and owing to the Plaintiff from June 8, 2022 until her return to work in November 2022.

WHEREFORE, the Plaintiff, Megan Bielec, respectfully requests that judgment be entered against Reliance as follows:

1. Ordering Reliance to pay to the Plaintiff, Megan Bielec, short term disability insurance benefits from June 8, 2022 until November 1, 2022 as provided for in the policy of insurance;

2. Awarding the Plaintiff, Megan Bielec, prejudgment interest on the award until the date of judgment;

3. Awarding the Plaintiff's attorney's fees, court costs and other reasonable costs incurred for the prosecution of the instant action;

4. Granting such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

BY: /s/ Michael J. Parker
Michael J. Parker, Esquire

Pond, Lehocky, LLP
One Commerce Square
2005 Market Street
18th Floor
Philadelphia, PA 19103
(215)568-7500
Mparker@pondlehocky.com